Alexander BREYTMAN,
Plaintiff–Appellant,

v.

NEW YORK PUBLIC LIBRARY,
DYCKMAN BRANCH,
Defendant–Appellee,

Jane Doe, John Doe, Inwood Branch Library, Ms. Rodriguez,
Defendants.

No. 07–2036–cv.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2008.

Alexander Breytman, pro se.

Nancy J. Mertzel, (Jean L. Schmidt, on the brief) Thelen Reid Brown Raysman & Steiner LLP, New York, NY, for Defendant–Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Alexander Breytman appeals *pro se* from a February 20, 2007, 2007 WL 541693, order of the District Court, which granted defendants' motion to dismiss Breytman's claims for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Breytman initially filed a complaint against the New York Public Library, the Inwood Branch of the Library, Jane Doe and John Doe (employees at the Inwood Branch), and Ms. Rodriguez (the manager of the Inwood Branch), alleging, among other things, that defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution when they informed him that he would not be permitted to plug his laptop computer into an electrical outlet at the library. Appellee's App. at 40. Breytman further alleged that defendants violated Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), because he was subsequently "discriminatory force [sic] out" of the library, and because, Breytman claimed, the hiring practices at the library were discriminatory. Appellee's App. at 38–39. On appeal, Breytman argues, *inter alia*, that the District Court and the New York Public Library "conspired" to deny him the "damages" he should have received since the Library filed its motion to dismiss late and therefore "waived any right to motion to dismiss," Appellant's Br. at 3–4, as well as that the District Court "discriminated" against him by denying his motion for reconsideration, "based" on the fact that it

was written predominantly in Latin. Appellant's Br. at 7–8. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g., Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). In so doing, we construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002).

Upon a review of the record and the relevant case law, we conclude that the District Court correctly dismissed Breytman's amended complaint for failure to state a claim, and properly denied Breytman's motion for reconsideration. We reject Breytman's remaining arguments as lacking in merit.

### CONCLUSION

We reject all of plaintiff-appellant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**